IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER H. WEST, § 
§ No. 271, 2016
Defendant Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1107001026
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: June 16, 2016
Decided: August 31, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 31st day of August 2016, having considered the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Christopher H. West, has appealed the summary dismissal of his third motion for postconviction relief under Superior Court Criminal Rule 61. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) West pled guilty in 2012 to Robbery in the First Degree and Robbery in the Second Degree. As part of the plea agreement, West agreed that he was

eligible to be sentenced as a habitual offender under 11 *Del. C.* § 4214(a). After granting the State's motion to declare West a habitual offender, the Superior Court sentenced West to twenty-eight years at Level V suspended after twenty five years for decreasing levels of supervision. West did not appeal the guilty plea or sentence.

(3) In his first motion for postconviction relief, filed in 2013, West claimed that his defense counsel was ineffective, his guilty plea was involuntary, his confession was coerced, and his sentence was illegal. The Superior Court appointed counsel to represent West in the postconviction proceeding. After reviewing the record, West's Postconviction Counsel moved to withdraw on the basis that he had found no claims to advocate on West's behalf. A Superior Court Commissioner reviewed the matter and issued a report recommending that West's postconviction motion should be denied as without merit, and that Postconviction Counsel should be allowed to withdraw.[1] By order dated January 7, 2014, the Superior Court adopted the report and recommendation, denied the postconviction motion, and granted Postconviction Counsel's motion to withdraw. On appeal, this Court affirmed.[2]

---

[1] *State v. West*, 2013 WL 6606833 (Del. Super. Comm'r Dec. 12, 2013) (Report and Recommendation).

[2] *West v. State*, 2014 WL 4264922 (Del. Aug. 28, 2014).

(4)     West filed his second motion for postconviction relief and a separate "motion for withdrawal of guilty plea" in 2015.  In both motions, West again alleged that his guilty plea was involuntary due to the ineffectiveness of his defense counsel.  By order dated May 21, 2015, the Superior Court denied the motions as procedurally barred under Rule 61(i).[3]  West did not appeal the Superior Court's order.

(5)     West filed his third motion for postconviction relief on March 21, 2016.  In the motion, as amended on April 7, 2016, West alleged that his guilty plea was involuntary due to the ineffectiveness of his defense counsel, and that there was insufficient evidence to support the charge of Robbery in the First Degree.  By order dated May 16, 2016, the Superior Court summarily dismissed West's third postconviction motion as procedurally barred under Rule 61(d)(2). This appeal followed.

(6)     Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court's summary dismissal of West's third motion for postconviction relief, as amended, should be affirmed.  West's motion was subject to summary dismissal because it was his third motion for postconviction relief following his guilty plea in 2012, and West failed to plead with particularity the

---

[3] *State v. West*, 2015 WL 3429919 (Del. Super. May 21, 2015).

existence of new evidence that created a strong inference of actual innocence or a new rule of constitutional law that was retroactively applicable.[4]

(7)     West has filed three unsuccessful motions for postconviction relief in the span of three years.  West's first motion was denied as without merit, and on appeal, this Court affirmed the Superior Court's judgment.[5]  West's second postconviction motion was denied as procedurally barred[6] and his third motion was summarily dismissed.  In this appeal, the Court has concluded that the Superior Court's summary dismissal of West's third postconviction should be affirmed.  Going forward, the Court will not continue to invest scarce judicial resources to address procedurally barred claims.  West is advised to be mindful of Rule 61(j).[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] Del. Super. Ct. Crim. R. 61(d)(2).

[5] *Supra* note 2.

[6] *Supra* note 3.

[7] Del. Super. Ct. R. 61(j) ("If a [postconviction] motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").